UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Case No. 20-41097

SYLVESTER MCINTOSH, and                                         Chapter 11
TARA NSHOMBE MCINTOSH,
                                                                Judge Thomas J. Tucker
            Debtors.
_____/

**ORDER REQUIRING DEBTORS TO AMEND DISCLOSURE STATEMENT**

On May 26, 2020, the Debtors filed a plan and disclosure statement, in a document entitled "Debtors' Combined Plan of Reorganization And Disclosure Statement" (Docket # 46). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document (the "Disclosure Statement"). The Court notes the following problems, which the Debtors must correct.

First, the Debtors must delete paragraph 2.2.2 on page 11 of the Plan. With an exception not applicable here, a priority claim is an unsecured claim.[1] If there are any taxing authorities other than the Internal Revenue Service with a lien on property of the Debtors, the Debtors must name each such taxing authority, state the amount of its claim, and separately classify and treat its claim as a secured claim under Article III of the Plan.

Second, the Debtors must delete paragraph 2.3 on page 11 of the Plan. If there are any "Other Priority Claims" of the type described in Group III on page 11, those claims must be classified and treated under Article III. 11 U.S.C. § 1123(a)(1) requires classification of all priority claims except those of a kind specified in 11 U.S.C. §§ 507(a)(2), 507(a)(3), or

---

[1] *See* 11 U.S.C. § 503(b)(1)(B)(i) (under which certain secured post-petition tax claims can be allowed administrative claims, entitled to priority).

507(a)(8).

Third, with regard to the Class I secured claim of the Internal Revenue Service treated in paragraph 3.1 of the Plan on page 12, the Debtors must describe all of the property securing the claim (if real estate, the full address, including city and state); and must state the fair market value of the property securing the claim; whether any portion of the claim is unsecured; and if so, whether the secured creditor will have an unsecured deficiency claim, to be included and treated in the class of general unsecured claims. Although some of this information appears in the Liquidation Analysis on page 31 of the Disclosure Statement, it also must be included in the Plan.

Fourth, in paragraph 3.2 on page 12 of the Plan, the Debtors must state the value of the Residence securing the Class II claim of Nationstar Mortgage. Although this information appears in the Liquidation Analysis on page 31 of the Disclosure Statement, it also must be included in the Plan.

Fifth, in paragraph 3.2.3 of the Plan on page 13, the Debtors must state the date on which the monthly payments will begin on the "delinquencies, arrearages and other amounts due under the note and mortgage."

Sixth, in paragraph 3.4 of the Plan on pages 13-14, the Debtors must state that the deficiency claim of Honor Finance Company will be treated in the class of general unsecured creditors (Class VI).

Seventh, in paragraph 3.10 of the Plan on page 16, the Debtors must delete the following statement: "provided however, if no Holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims in

such Class." This is an incorrect statement of the law. *See* 11 U.S.C. § 1126. (It is also inconsistent with the Debtor's statement in the last sentence on page 37 of the Disclosure Statement). Similarly, the Debtors must remove the following phrase from the caption of paragraph 3.10 of the Plan: "DEEMED ACCEPTANCE IF NO VOTES AS CAST."

Eighth, in paragraph II.2 on page 29 of the Disclosure Statement, the Debtors must state whether either of them receives any fringe benefits and if so, what those benefits are and the value of such benefits.

Ninth, in the first sentence of paragraph III.C.1 on page 30 of the Disclosure Statement, the Debtors must delete "Sylvester McIntosh."

Tenth, in the Liquidation Analysis on page 31 of the Disclosure Statement, the Debtors indicate that they have a 2015 Ford Taurus that has a market value of $17,061.00, that the IRS has a secured claim against the vehicle in the amount of $5,137.03, that the unsecured amount of the IRS's lien is $11,923.97, and that the non-exempt equity in the vehicle is $0.00. Here the Debtors appear to have made a mathematical error. The Debtors must state that the unsecured portion of the IRS's $5,137.03 claim is $0.00. And if the Debtors have not exempted any portion of the value of the 2015 Ford Taurus, the Debtors must state that the non-exempt equity in the vehicle is $11,923.97.

Eleventh, the Debtors must replace the current section VI.F of the Disclosure Statement which begins on page 38, so that it states in its entirety:

> If the plan is confirmed by the Court:
>
> 1. Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.

2. Except as provided in the plan and in 11 U.S.C. § 1141(d):

In the case of an individual or husband and wife, as in this case:

(a) Claims will be discharged, except as provided in 11 U.S.C. §§ 523 and 1141(d). Unless the Court orders otherwise, the discharge will be entered only after completion of plan payments as provided in § 1141(d)(5)(a). It is the usual practice of the Court to close Chapter 11 cases after confirmation, then the individual debtor files a motion to reopen the case for entry of discharge upon completion of plan payments.

(b) Creditors will be prohibited from asserting their claims except as to those debts which are not discharged or dischargeable under 11 U.S.C. §§ 523 and 1141(d).

Twelfth, the Debtors must attach Exhibits A, B, and C to the Disclosure Statement.

Accordingly,

IT IS ORDERED that no later than **June 3, 2020**, the Debtors must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **June 3, 2020**, the Debtors also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtors have made to "Debtors' Combined Plan of Reorganization And Disclosure Statement" filed May 26, 2020.

**Signed on May 29, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**